IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

ERICK HOWARD                                                                                      PLAINTIFF

V.                                                                                            NO. 2:11CV008-B-A

DALE K. THOMPSON, et al.                                                                     DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal in accordance with 28 U.S.C. §§ 1915(e)(2) and 1915(A). The Plaintiff, an inmate in the custody of the Mississippi Department of Corrections, filed this complaint *pro se* pursuant to 42 U.S.C. § 1983.

In his pleadings, the Plaintiff complains that the Desoto County Clerk is impeding his ability to seek habeas relief by failing to send him transcripts. For relief of this perceived transgression, the Plaintiff asks that the court grant him a new trial, order the Circuit Clerk to provide him with the transcript, and toll the limitations period for filing a federal habeas petition.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

Although this matter was filed as a civil rights complaint, the Plaintiff has failed to allege any facts which support a claim under 42 U.S.C. § 1983. He is essentially seeking a writ of mandamus against the Circuit Court of Desoto County. This court lacks general jurisdiction to issue a writ of mandamus to a state actor. *Moye v. Clerk, DeKalb County Superior Court,* 474 F. 2d 1275 (5th Cir. 1973); *Torns v. Mississippi*, 2007 WL 551764 (S.D. Miss. 2007).

As for his request for a new trial, Section 1983 is not an appropriate method to challenge a state court conviction. *See Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). A cause of action under 42 U.S.C. § 1983 does not accrue until the plaintiff's conviction or sentence has been invalidated. *Id.* at 489-91. Also, under the Antiterrorism and Effective Death

Penalty Act of 1996, a properly filed application for state post-conviction or other collateral will toll the one-year statute of limitations. *See* 28 U.S.C. § 2244(d). A "properly filed" application for state post-conviction relief is one submitted according to the state's procedural requirements. *Wilson v. Cain*, __ F.3d __, 2009 WL 840246 at *2 (5th Cir. Apr. 1, 2009). The United States Supreme Court has held that the one-year limitations period is not tolled by filing a federal habeas petition before exhausting available state remedies. *Duncan v. Walker*, 533 U.S. 167, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001). *See also In Re Wilson*, 442 F.3d 872, 876 n.5 (5th Cir. 2006) (noting, dismissal of a pending initial federal habeas petition, even without prejudice, will preclude the same issues from being raised in the future because of the limitations period). Accordingly, tolling the AEDPA's limitations period is not an available remedy.

Despite the Plaintiff's insistence, the constitution has not been implicated by the facts of this case. Accordingly, the court finds that the Plaintiff has failed to provide sufficient facts to state a claim upon which relief may be granted. The dismissal of the Plaintiff's frivolous complaint shall count as a "strike" under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). The Plaintiff is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

A final judgment in accordance with this opinion will be entered.

THIS the 16th day of February, 2011.

/s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U.S. DISTRICT JUDGE